E. H. LUIKART, RECEIVER, APPELLEE, V. JOE C. TIMMERMANS ET AL., APPELLANTS.

FILED APRIL 7, 1933. No. 28525.

*J. J. Harrington,* for appellants.

*F. C. Radke, I. J. Dunn, Frank Warner* and *Barlow Nye,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This is the second case argued in a series of cases quite similar in general facts and applicable rules of law, where Citizens Bank of Stuart, when insolvent, turned over assets to depositors, and the receiver sued to recover the assets so paid. The bank was turned over by its officers to the department of trade and commerce on December 1, 1930.

The evidence shows that defendant Mrs. Joseph Timmermans (Josephine Timmermans) held a certificate of deposit against the bank for $2,500, dated February 25,

1930, due 12 months after date, with interest at 4 per cent.; that defendant Joe C. Timmermans held a certificate of deposit against the bank for $532.48, dated March 1, 1930, due 12 months after date, with interest at 4 per cent.; that defendant Simon Timmermans held a certificate of deposit against the bank for $100, dated February 18, 1930, due 12 months after date, with interest at 4 per cent.; that the bank had in its note case as assets of the bank a note of one Albert E. Timmermans for $2,236.18, secured by chattel mortgage, and had also certain school warrants valued at $823.57.

The evidence further shows that on or about November 29, 1930 (some of the bank entries were made December 1, 1930), defendants surrendered the above described certificate of deposit, and in consideration therefor the bank assigned to them the above described assets of the bank and paid them $166.79 in cash. Defendants had collected the school district warrants before the trial.

The court found generally for the plaintiff, adjudged the transfers void, and ordered them set aside, rendering personal judgment against defendants on account of their inability to restore the collected school warrants, and allowed defendants a claim as general depositors.

The case is ruled by the principles announced in the opinion in *Luikart v. Hunt, ante,* p. 642. No further discussion is needed.

The judgment of the district court is

AFFIRMED.